Michael P. Pappas, Esq. (MP 6716)
MICHAEL P. PAPPAS LAW FIRM, P.C.
3 Columbus Circle, 15th Floor
New York, New York 10019
(646) 770-7890 (phone)
(646) 417-6688 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK

KEITH NOBLE,

<table>
<tr><td>Plaintiff,</td><td><b>No.</b></td></tr>
<tr><td>-against-</td><td><b>COMPLAINT</b></td></tr>
<tr><td>THE CHEESECAKE FACTORY INCORPORATED,</td><td></td></tr>
<tr><td>Defendant.</td><td><b>DEMAND FOR JURY TRIAL</b></td></tr>
</table>

Plaintiff Keith Noble, as and for his Complaint against Defendant The Cheesecake Factory Incorporated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York Labor Law ("NYLL") claims under 28 U.S.C. § 1367 because they are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant resides and/or conducts business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

## THE PARTIES

3.      Defendant The Cheesecake Factory Incorporated ("Cheesecake Factory" or the "Company") is a Delaware corporation with its principal place of business at 26901 Malibu Hills Road, Calabasas Hills, California 91301. Cheesecake Factory is a well-known national restaurant chain that owns and operates at least a dozen restaurants in New York State, including the Cheesecake Factory restaurant located at Lake Grove, New York, where Plaintiff was formerly employed. Cheesecake Factory has an annual gross volume of sales in excess of $500,000 and is engaged in interstate commerce. At all relevant times, Cheesecake Factory was a covered "employer" within the meaning of the FLSA and NYLL.

4.      Plaintiff Keith Noble is an adult male individual who resides in the State of New York, Suffolk County. Mr. Noble was employed by Cheesecake Factory from approximately 2007 through 2021.

## DEFENDANT'S WAGE AND HOUR VIOLATIONS

5.      Keith Noble was a long-time, loyal, highly-performing employee of Cheesecake Factory. He started with the Company more than 15 years ago, and for the last 9 years of his employment was employed as a so-called "Kitchen Manager" in North Carolina and New York State.

6.      Mr. Noble was employed by Cheesecake Factory as a "Kitchen Manager" in North Carolina from approximately 2012 to April 2021, and as a "Kitchen Manager" in New York State from approximately April 2021 through December 2021.

7.      Throughout his tenure as a "Kitchen Manager" at Cheesecake Factory, Mr. Noble was classified as "exempt" and paid a set salary, which was the same regardless of the number of hours he worked.

8.      Despite Cheesecake Factory's denomination of Mr. Noble as a "manager," he was required to spend a significant portion of his working hours performing non-exempt staff level work in the kitchen, including, *inter alia*, preparing food, cleaning, running orders, and similar manual tasks. Mr. Noble spent the majority of each shift performing these non-exempt tasks, and only a small minority of the time performed duties that could properly be classified as managerial in nature. Overall, his primary duty was kitchen work, not management.

9.      Throughout his employment at Cheesecake Factory, Mr. Noble worked long hours and was extremely productive for the Company. As a so-called "Kitchen Manager," he typically worked 10-hour scheduled shifts, five days a week, and also performed work before and after his scheduled hours. On average, and based on Mr. Noble's best recollection, he worked 50-60 hours per week, which equates to 10-20 hours of overtime per week (or 15 hours of overtime per week on average).

10.     There were many specific weeks during the limitations period(s) applicable to this action when Mr. Noble worked in excess of 40 hours, and he was not paid overtime in any of those weeks.

11.     Despite the fact that the vast majority of Mr. Noble's time was spent performing non-exempt tasks as his primary duty, Cheesecake Factory erroneously classified him as an "exempt" executive employee under the FLSA and NYLL, and did not pay him any overtime for the extensive hours he worked in excess of 40 per week.

12.     Because Mr. Noble did not fall within any applicable overtime exemption, Cheesecake Factory unlawfully failed to pay him overtime for all hours he worked in excess of 40 per week during the applicable limitations period(s).

13.     Under the FLSA, in cases of misclassification where the employee was paid a set salary, the overtime rate is determined by dividing the employee's weekly salary by the total number of hours he actually worked that week. That number constitutes the employee's "regular rate" per hour, and the overtime rate is 1.5 times the regular rate. The "time-and-a-half" overtime rate is then multiplied by the number of overtime hours the employee worked that week, *i.e.*, the number of hours in excess of 40.

14.     Under the NYLL, in cases of misclassification where the employee was paid a set salary, the overtime rate for hospitality industry employees is determined by dividing the employee's weekly salary by 40 hours. See N.Y.C.R.R. § 146-3.5 (Hospitality Industry Wage Order). That number constitutes the employee's "regular rate" per hour, and overtime is 1.5 times the regular rate.

15.     Here, at all relevant times, Mr. Noble was paid an annual salary of approximately $60,000.00, and his weekly wage equated to approximately $1,154.00.

16.     Applying the above methods of calculation, and estimating that Mr. Noble worked an average of 15 hours of overtime per week each week during the applicable limitations periods, Cheesecake Factory owes Mr. Noble unpaid overtime in an amount to

be determined at trial but believed to exceed $70,000.00, not including liquidated damages, costs, and attorneys' fees.

17.     In addition to unpaid overtime, Cheesecake Factory's misclassification of Mr. Noble resulted in other violations of the NYLL that entitle him to additional damages.

18.     Employers in New York are legally required to provide every employee, at the start of employment and upon any change in rate or method of compensation, with an accurate written notice of the employee's "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer," and, for all employees who are not exempt from overtime compensation, "the regular hourly rate and overtime rate of pay." *See* NYLL § 195; 12 N.Y.C.R.R. § 146-2.2. The mandatory penalty for failing to provide proper wage notices is $50.00 per day up to a maximum of $5,000.00. *See* NYLL § 198(1-b).

19.     In addition, New York employers are required to provide every employee with an accurate wage statement each time they receive their wages. The wage statement must contain "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and

net wages." Also, "[f]or all employees who are not exempt from overtime compensation

…, the statement shall include the regular hourly rate or rates of pay;  the overtime rate or

rates of pay;  the number of regular hours worked, and the number of overtime hours

worked." *See* NYLL § 195; 12 N.Y.C.R.R. § 146-2.3. Again, the mandatory penalty for

failing to provide proper wage notices is $50.00 per day up to a maximum of $5,000.00.

*See* NYLL § 198(1-b).

20.     Because Cheesecake Factory misclassified Mr. Noble as "exempt" during

his employment in New York State, the Company never provided him with complete and

accurate wage statements or wage notices containing, for example, his hours worked,

regular hourly rate, and overtime rate. Mr. Noble worked approximately 270 days for

Cheesecake Factory in New York State. Therefore, Cheesecake Factory is liable to Mr.

Noble for an additional $10,000.00 in penalties.

21.     The NYLL requires that employees who are "manual workers" must be paid

no less frequently than once a week. *See* NYLL § 191(1)(a). A manual worker is defined

as someone who spends more than 25% of his time performing physical labor. *See* N.Y.S.

Dept. of Labor, "Frequency of Pay Frequently Asked Questions" ("It has been the long-

standing interpretation of this Department that individuals who spend more than 25% of

working time engaged in 'physical labor' fit within the meaning of the term 'manual

worker.'")

22.     Mr. Noble spent more than 25% of his time performing manual tasks,

including, *inter alia*, preparing food, cleaning, running orders, and other manual labor.

Therefore, he was a "manual worker" and was entitled to be paid on a weekly basis while

employed in New York State. In derogation of the law, Cheesecake Factory paid him on a bi-weekly basis, rendering half of his pay late under the NYLL.

23.     Under the NYLL, an employee who demonstrates late payment of wages is entitled to liquidated damages equal to the amount of the late paycheck, even if he eventually received the paycheck. *See, e.g.*, Art. 6, NYLL §§ 191, 198; *Vega v CM & Assoc. Constr. Mgt.*, LLC, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-89 (1st Dep't 2019). Plaintiff estimates these liquidated damages as approximately $20,200.00, which is based on 50% of Mr. Noble's base salary during his employment in New York State.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Claim)

24.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

25.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including Plaintiff.

26.     During the statute of limitations period(s) covered by these claims, Plaintiff regularly worked in excess of forty hours per work week.

27.     At all relevant times, Defendant has operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules, of willfully failing and refusing to pay Plaintiff at 1.5 times his regular rate for all work in excess of forty hours per work week, even though Plaintiff was entitled to such overtime pay.

28.     At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate, 1.5 times his regular rate, for hours worked in excess of forty per work week.

29.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendant damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Overtime Claim)

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

31.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NYLL, § 190, *et seq.* At all relevant times, Defendant has employed "employee[s]," including Plaintiff.

32.     During the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty hours per work week.

33.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any work week.

34.     At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate, which is 1.5 times the employee's regular rate, for hours worked in excess of forty (40) per work week.

35.    Defendant's failure to pay Plaintiff overtime was willful within the meaning of NYLL § 663.

36.    As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated (double) damages as provided by the NYLL for overtime wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Pay Frequency Violations Under NYLL)

37.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

38.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NYLL, § 190, *et seq.* At all relevant times, Defendant has employed "employee[s]," including Plaintiff.

39.    At all relevant times, more than 25% of each of Plaintiff's work days and work weeks during his employment by Defendant was spent performing manual tasks; therefore, Plaintiff was a "manual worker" within the meaning of the NYLL.

40.    Under NYLL § 191(1)(a), manual workers such as Plaintiff are required to be paid no less frequently than on a weekly basis.

41.    On multiple occasions during the statute of limitations period covered by these claims, Defendant knowingly failed to timely pay Plaintiff his earned wages on a weekly basis, resulting in the late payment of wages.

42.    The aforesaid conduct of Defendant was knowing, intentional, and willful.

43.     By its aforesaid conduct, Defendant willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, *et seq.*

44.     Plaintiff is thereby entitled to recover from Defendants liquidated damages in the amount of his untimely-paid wages, as provided by the NYLL for wage violations, as well as interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York State Wage Notice Claim)**

45.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

46.     Pursuant to Section 195 of the NYLL, Defendant was required to provide Plaintiff upon hire, or upon any change in the rate or manner of payment, with written notice of his "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer," and, for all employees who are not exempt from overtime compensation, "the regular hourly rate and overtime rate of pay".

47.     Throughout the statute of limitations period covered by these claims, Defendant failed to provide Plaintiff with true and accurate wage notices required pursuant to NYLL § 195, either upon hire or upon changing the rate and method of Plaintiff's compensation.

48.     As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant a penalty of $50 per day for each violation, not to exceed $5,000, under NYLL § 198(1-b).

### FIFTH CLAIM FOR RELIEF
### (New York State Wage Statement Claim)

49.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

50.     Pursuant to Section 195 of the NYLL, New York employers are required to provide every employee with a wage statement (commonly referred to as a pay stub) each time they receive their wages. The wage statement must contain "the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages." Also, "[f]or all employees who are not exempt from overtime compensation …, the statement shall include the regular hourly rate or rates of pay;  the overtime rate or rates of pay;  the number of regular hours worked, and the number of overtime hours worked."

51.     During the statute of limitations period covered by these claims, Defendant failed to provide Plaintiff with true and accurate wage statements required pursuant to NYLL § 195, in that his wage statements did not set forth the number of hours worked, his hourly rate of pay, or his overtime rate of pay.

52.     As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant a penalty of $50 per day for each violation, not to exceed $5,000, under NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief against Defendant as follows:

A.      An award of damages, according to proof, including liquidated damages, to

be paid by Defendant;

B.      Penalties available under applicable laws;

C.      Costs of action incurred herein, including expert fees;

D.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663,

and other applicable statutes;

E.      Pre-judgment and post-judgment interest, as provided by law; and

F.      Such other and further relief as the Court may deem just, equitable, and

proper.

Dated: July 11, 2022

MICHAEL P. PAPPAS LAW FIRM, P.C.

By:    s/*Michael P. Pappas*
        Michael P. Pappas, Esq. (MP 6716)
        3 Columbus Circle, 15th Floor
        New York, New York 10019
        T: (646) 770-7890
        F: (646) 417-6688

        *Attorneys for Plaintiff*