**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
KEITH NOBLE,

                Plaintiff,

    -against-

THE CHEESECAKE FACTORY
INCORPORATED,

                Defendant.
-------------------------------------------------------------- X

Case No. 2:22-cv-04036-JS-ST

## STIPULATION TO SUBMIT CASE TO ARBITRATION AND TO STAY CASE PENDING ARBITRATION

Plaintiff Keith Noble and Defendant The Cheesecake Factory Incorporated stipulate and agree to the following:

### RECITALS

1. On March 2, 2013, Plaintiff and Defendant entered into a Mutual Agreement to Arbitrate Claims (the "Agreement"). A true and correct copy of the Agreement between Plaintiff and Defendant is attached as Exhibit A.

2. On July 11, 2022, Plaintiff filed a Complaint in the United States District Court, Eastern District of New York, Case No. 2:22-cv-04036-KS-ST, alleging that Defendant violated the Fair Labor Standards Act and New York Labor Law. *See* Doc. No. 1.

3. After meeting and conferring, Plaintiff and Defendant have agreed to stay this case and submit all disputes between them to individual arbitration in accord with the terms of the Agreement.

### STIPULATION

Based on the foregoing, Plaintiff and Defendant stipulate to the following:

1

1. Plaintiff shall arbitrate all of his claims on an individual basis against Defendant in accord with the Agreement that is attached as <u>Exhibit A</u>.

2. This case shall be stayed pending completion of arbitration.

3. All deadlines, case management conferences, and hearings be taken off the calendar.

4. The Court shall retain jurisdiction over this case pending arbitration to enforce any ruling or award made during arbitration.

Dated: July 28, 2022

JOINTLY AND RESPECTFULLY SUBMITTED:

| | |
|---|---|
| */s/ Michael Pappas* | */s/ Stephen Stecker* |
| Michael Pappas | Stephen Stecker |
| Michael Pappas Law Firm | Constangy, Brooks, Smith & Prophete LLP |
| 3 Columbus Circle, 15th Floor | 175 Pearl Street, Suite C-402 |
| New York, New York 10019 | Brooklyn, New York 11201 |
| Phone: 646.770.7890 | Phone: 646.341.6544 |
| Email: michael@pappaslawfirm.com | Email: sstecker@constangy.com |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR DEFENDANT** |

SO ORDERED THIS __ DAY OF _____ 2022:

_____
The Honorable Joanna Seybert
United States District Judge

# Exhibit A

Arbitration Agreement
Revised November 2011

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Mutual Agreement to Arbitrate Claims (the "Agreement") is made by and between The Cheesecake Factory Incorporated, a California corporation ("the Company") and (insert Staff Member's Name): ___Keith Noble_____. Any reference in this Agreement to "I" or "me" or "my" shall mean the Staff Member identified above and any reference in this Agreement to the "Company" shall mean The Cheesecake Factory Incorporated, and also all of its subsidiaries and affiliated entities; all benefit plans, including without limitation any medical, dental, 401(k), deferred compensation or other benefit plan (if applicable); such benefit plans' sponsors, fiduciaries, administrators, and affiliates; and all officers, directors, agents, heirs, executors, successors and assigns of any of them. The Company and I are collectively referred to as the "Parties."

Agreement to Arbitrate Disputes

I recognize that differences may arise during, between, or following my employment with the Company. I agree and understand that by entering into this Agreement, I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure if I or the Company determine that the Company's internal procedures for handling claims, including without limitation, reporting claims to my manager, Area Director, Careline and/or the Company's staff relations department, have not resulted in a mutually acceptable resolution of the dispute. The Company and I agree to all following terms and conditions.

Applicability of the Federal Arbitration Act

The Company and I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act ("FAA") and acknowledge that the Company's business and the nature of my employment affect interstate commerce. This Agreement evidences a transaction in interstate commerce, and thus the FAA governs the interpretation and enforcement of this Agreement.

Claims Covered by the Agreement

The Company and I mutually consent to the resolution by arbitration of all claims, arising out of my employment (or its termination) that the Company may have against me, or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise, currently existing or which may arise in the future. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims arising out of my participation in the Managing Equity Program (if applicable); tort claims; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, medical condition, disability or other protected class, if any) under applicable state or federal law; claims concerning harassment, including but not limited to sexual harassment; claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one), and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except for those claims excluded in the **Claims Not Covered** section below. However, nothing

herein shall prevent me from filing a charge with or participating in an investigation conducted by any appropriate administrative agency. Although, I agree and understand, insofar as permitted by law, that I cannot obtain any monetary relief or recovery from any such administrative proceeding.

Claims Not Covered

Claims I may have for workers' compensation or unemployment compensation benefits are not covered by this Agreement.

Required Notice of All Claims and Statute of Limitations

The Company and I agree that the aggrieved Party must serve a formal written demand for arbitration, containing all factual bases of any claim, to the other Party within the time limit established by the applicable statute or limitations for the asserted claims or within one (1) year of the date the aggrieved Party first knows or should have known of the event giving rise to the claim(s) if no statutory limitation is applicable. The written demand shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. If a Party fails to serve a formal written demand for arbitration within the prescribed time period, then the claim shall be void and deemed waived.

Any demand for arbitration served on the Company must be given by written notice to The Cheesecake Factory Incorporated, 26901 Malibu Hills Road, Calabasas Hills, California 91301, Attn: General Counsel. Any demand for arbitration served on me must be given by written notice to the last address recorded for me in the Company's employee information files. The demand shall be sent to the other Party by certified or registered mail, return receipt requested.

Waiver of Right to File Class, Collective, or Representative Actions

The Company and I may bring claims against the other only in its or my individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding. There shall be no right or authority for any dispute to be brought, heard, or arbitrated on a class, collective, or representative basis and the Arbitrator may not consolidate or join the claims of other persons or Parties who may be similarly situated. Insofar as required by law, this provision shall not constitute a waiver of my collective rights under Section 7 of the National Labor Relations Act, as amended, 29 U.S.C. § 157, including the right concertedly to pursue any covered claim before any state or federal court on a class, collective, or joint basis, and the Company will not discipline, discharge, or otherwise retaliate against me for exercising my rights under Section 7.

The Company and I acknowledge and agree that the conditions set forth in this provision are material terms of this Agreement and may not be modified or severed, in whole or in part. If this specific provision is found to be unenforceable, then the entirety of this Agreement shall be null and void.

Arbitration Procedures

The arbitration shall be conducted by a neutral arbitrator in accordance with the National Rules for the Resolution of Employment Disputes issued by the American Arbitration Association

("AAA") which are in effect when the dispute is submitted to arbitration, or other rules mutually agreed upon in writing by the Parties. The AAA rules are available: (1) online at www.adr.org; (2) by calling the AAA at 1-877-495-4185; and/or (3) by written request to the Company at the address listed above. The arbitration shall be final and binding upon the Parties. The Arbitrator shall render a written award and opinion which reveals the essential findings and conclusions upon which the award is based. Discovery shall be conducted to the extent necessary to adequately arbitrate or defend any statutory claims, including access to essential documents and witnesses, as determined by the Arbitrator.

Arbitration Fees and Costs

The Company shall be solely responsible for payment of the fees and costs of the Arbitrator. Each Party shall pay for its own costs and attorneys' fees, if any. However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing Party in accordance with applicable law.

Requirements for Modification or Revocation

This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by a writing signed by me and the Chief Executive Officer of the Company which specifically states an intent to revoke or modify this Agreement.

Sole and Entire Agreement; Construction

This Agreement is the complete agreement of the Parties on the subject of arbitration of disputes. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No Party is relying on any representations, oral or written, on the subject or the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement. Except as otherwise provided herein, if any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

Consideration

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for one another's entry into this Agreement. The Company and I further agree and understand that signing this Agreement is a material part of the consideration for me becoming an employee of the Company, and the compensation, pay raises, and other benefits paid to me by the Company (including my participation in the Managing Equity Program, if applicable) provide additional consideration for my execution of this Agreement.

Employment Agreement

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this agreement in any way alter the "at-will" status of my employment.

Voluntary Agreement

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN THIS AGREEMENT, AND THAT I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

THE CHEESECAKE FACTORY INCORPORATED

_____
Signature of Company Representative

Debby Zurzolo
Print Name of Company Representative

EVP & General Counsel
Title of Company Representative

STAFF MEMBER

_____
Signature of Staff Member

KEITH NOBLE
Print Name of Staff Member

197314
Staff Member Identification Number

Date 9/2/13