

May 20, 2023

**VIA ECF**

The Honorable Joanna Seybert
United State District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

Re: **Noble v. The Cheesecake Factory: 2:22-cv-04036-JS-ST**

Dear Judge Seybert:

The parties jointly submit this letter motion in support of judicial approval of their proposed settlement, which was reached in a private mediation among the parties. Plaintiff respectfully requests approval at the Court's earliest convenience because he is currently in financial hardship and needs to receive the settlement funds expeditiously.

I. **Nature of the Action**

This is an action for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (The action was originally filed in court, but was stayed pending arbitration when Defendant informed Plaintiff there was an arbitration agreement.)

The Plaintiff, Mr. Noble, alleges that Defendant misclassified him as an exempt salaried employee rather than a non-exempt hourly employee subject to FLSA and NYLL overtime requirements. Mr. Noble asserts that he was thereby deprived of overtime compensation during the period of misclassification, which was approximately 139 weeks. Mr. Noble further alleges that, because more than 25% of his work involved manual labor, he was a "Manual Worker" under the NYLL and should have been paid weekly rather than bi-weekly, as required by NYLL Sec. 191. Finally, Mr. Noble alleges that Defendants failed to provide proper and accurate wage notices and wage statements under Section 195 of the NYLL.

Defendants dispute all of these allegations and contend that: (i) Plaintiff was properly classified as an exempt executive employee and, therefore, was not entitled to overtime, (ii) even if Plaintiff was misclassified, he worked fewer hours than he alleges, (iii) Plaintiff did not qualify as a Manual Worker under the NYLL because he was exempt and/or a "Clerical or Other Worker" who could be paid every two weeks, and (iv) Plaintiff was provided accurate wage notices and wage statements. (A fuller discussion of the disputed claims and issues is set forth in Section III below). There are *bona fide* disputes between the parties on each of these claims.

## II. Standard For Assessing Fairness of an FLSA Settlement

In this Circuit, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, *1 (E.D.N.Y. Mar. 13, 2008)). When determining fairness, courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. Am. Cancer Soc., 2010 WL 3000028, *1 (S.D.N.Y. July 23, 2010)). Application of these factors in this case demonstrates that the parties' proposed settlement of this action is fair and reasonable, and should be approved.

## III. Plaintiff's Estimate of Full Recovery and Description of Bona Fide Disputes

Plaintiff was formerly employed by Cheesecake Factory as a "Kitchen Manager." Throughout his tenure as a "Kitchen Manager," Plaintiff was classified as "exempt" and paid a set salary, which was the same regardless of the number of hours he worked. Plaintiff alleges that, despite Cheesecake Factory's denomination of him as a "manager," his primary duties were not managerial in nature, and, with respect to his few arguably managerial duties, he did not regularly exercise discretionary powers. For example, he claims that he was required to spend a significant portion of his working hours performing non-exempt staff level work in the kitchen, including, *inter alia*, preparing food, cleaning, running orders, and other similar tasks. He further alleges that he spent more than 80% of each shift performing these non-exempt tasks, and only a small minority of the time was he performing duties that could properly be classified as managerial in nature. Plaintiff estimates that he worked 55 hours per week, or 15 overtime hours per week, on average. The total amount of unpaid overtime if Mr. Noble were to prevail on this claim would have been $41,053.80. If liquidated damages were awarded, they would be in an equal amount -- $41,053.80.

Plaintiff also alleges that, throughout his employment, Defendant paid him on a bi-weekly basis, even though more than 25% of his time was spent performing duties consisting of manual labor, and he was therefore a "manual worker" entitled to be paid on a weekly basis under NYLL § 191(1)(a). If so, then at least half of Plaintiff's weekly wages were paid late in violation of the NYLL's pay frequency provisions. Plaintiff estimates that the damages for late wages (which are limited to liquidated damages in the amount of the late wages) amounted to approximately $20,200.00.

Finally, Plaintiff alleges that, because Defendants unlawfully classified him as an exempt salaried employee, the wage notices and statements Defendants provided to Plaintiff did not accurately state the requisite information, such as the number of hours Plaintiff worked, his hourly rate, or his overtime rate, and were therefore in violation of NYLL § 195, entitling Plaintiff to a wage notice penalty of $5,000.00 ($50/day for 100 days) and a wage statement penalty of $5,000.00 ($50/day for the 100 days).

Total damages and penalties were Plaintiff to prevail on all claims are estimated at $112,307.60, not including costs and attorneys' fees.

Defendant denies all of Plaintiff's allegations, and asserts that Plaintiff was properly classified as an exempt manager because his primary and most important duties were managerial in nature, and he regularly and recurrently exercised management responsibilities as a Kitchen Manager. Defendant also disputes that Plaintiff worked as many hours as he claimed. Defendants also assert that, because Plaintiff was properly classified, Plaintiff received accurate and sufficient wage notices and wage statements under NYLL Sec. 195. Defendants dispute that Plaintiff could be classified as a "Manual Worker" under NYLL Sec. 191 since he was an exempt manager, and, alternatively, assert that, even if he was non-exempt, he was more properly classified as a "clerical or other worker" who could be paid bi-weekly. Defendants assert that Plaintiff is entitled to no damages. Thus, there are significant *bona fide* disputes as to each of Plaintiff's claims.

Plaintiff believes it is a very close case as to whether he was properly classified as exempt, and recognizes that case law on this issue with respect to restaurant employees can go in either direction. Given that Plaintiff perceives a significant risk that he might not prevail, that Plaintiff's actual out-of-pocket damages if he prevailed would have been $41,053.80, and that his total damages including liquidated damages and penalties would have been $112,307.60, the parties believe that a settlement of $38,000.00 (which is only slightly less than the full amount of Plaintiff's claimed unpaid overtime) is fair, reasonable, and properly takes into account the relative risks and benefits of pursuing each claim. If Plaintiff's misclassification claim fails, all of his other claims fail, as well. In addition, Plaintiff puts significant value on the ability to receive the settlement funds promptly rather than waiting for the conclusion of the arbitration on some uncertain date in the future. Even after paying attorneys' fees and costs, Plaintiff will still be receiving $23,000.00, which is more than 50% of his actual unpaid overtime.

**IV.      Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Based on Plaintiff's counsel's qualifications and experience, the result obtained, the risk undertaken, and the actual time spent on this matter, the amount of attorneys' fees provided to Plaintiff's counsel under the Settlement Agreement is fair and reasonable.

Plaintiff's counsel, Michael P. Pappas, is a highly-experienced and well-respected employment attorney in New York City. He has been practicing employment law exclusively since graduating law school in 1989. Mr. Pappas graduated with honors from Boston University School of Law, where he was an Editor of the *Law Review*. During his 30+-year career in employment law, Mr. Pappas has worked at some of the nation's leading law firms, including Orrick Herrington and Littler Mendelson. Mr. Pappas was a partner at Littler Mendelson in New York for more than a decade, and in 2014 opened his own law firm. He has been quoted on employment law matters in the *Wall Street Journal*, has authored numerous employment law-related articles in publications such as the *Employee Relations Law Journal* and *Lexis Practice Advisor*, and has conducted CLE presentations on wage and hour issues.

As a partner at Littler Mendelson and now the owner of his own firm, Mr. Pappas has gained significant experience in wage and hour litigation on both the plaintiff and defense sides. He estimates that he has been either lead or second counsel on more than 30 wage and hour matters, including this action and several other plaintiff-side cases (the majority of which settled pre-litigation). As a result of Mr. Pappas's extensive knowledge and experience in wage and hour litigation, he was able to obtain a favorable pre-trial result for Plaintiff through his skill and hard-fought negotiation.

Under the settlement, Plaintiff's counsel will receive $12,000.00 from the settlement payment as attorneys' fees and costs, and an additional $3,000.00 for the mediation fee expenses, which he paid out of his own pocket. The fee portion represents less than one-third of the total settlement. A copy of Plaintiff's retainer agreement with counsel is attached hereto as Exhibit B. Thus, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation). See also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069, *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").

Furthermore, it is well-established that "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). Here, Plaintiff's counsel was able to obtain a favorable settlement of Plaintiff's claims prior to arbitration hearing and even prior to discovery, which Plaintiff views as a successful result given the risk of not prevailing on some or all of his claims or recovering limited or only marginally greater damages. Thus, given the

degree of success obtained, the requested attorneys' fees and costs in the parties' settlement are fair and reasonable.

Finally, the amount of fees provided to Plaintiff's counsel is roughly equal to the lodestar, *i.e.*, the amount he would have earned hourly based on the number of hours he actually expended in this matter since its inception. This matter has been ongoing since February 2022. In order to reach the agreed-upon resolution, Plaintiff's counsel was required to expend time and effort on the following tasks, among others: (i) fact-finding and research; (ii) several consultations, correspondence, and meetings with Plaintiff; (iii) performing damages calculations for Plaintiff; (iv) preparation of the complaint and demand for arbitration; (v) preparing a detailed mediation statement, participating in a mediation, and engaging in length settlement negotiations; (vi) reviewing and revising the settlement agreement; and (vii) preparing this motion for settlement approval.

Although this was a contingency case, Plaintiff's counsel recorded all time spent on this matter. According to counsel's time records, he has spent more than 19 hours prosecuting this action to date. Applying counsel's then-hourly rate of $550.00, attorneys' fees would have totaled more than $10,500.00 if this matter had been billed on an hourly basis. Plaintiff's counsel also incurred a case filing fee of $400.00 and process server fees. Thus, given the risks taken by Plaintiff's counsel in agreeing to a contingency arrangement, and the amount of time actually expended, a fee of $12,000.00 is more than fair and reasonable. A copy of my hourly time records to date is attached hereto as Exhibit C.

In light of the qualifications of Plaintiff's counsel, the nature and scope of the issues herein, the negotiations necessary to reach the agreed-upon settlement, and the result obtained, Plaintiff's requested counsel fees are fair, reasonable, and within the range of fees typically awarded in cases in this Circuit. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010). See also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

For the foregoing reasons, the parties jointly and respectfully request that the Court issue an order approving the proposed settlement in its entirety.

MPP/mp                                             Respectfully submitted,

Attachments                                        s/*Michael Pappas*

cc:     Counsel for Defendants (via ECF)           Michael P. Pappas