## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between KEITH NOBLE ("Plaintiff") and THE CHEESECAKE FACTORY INCORPORATED ("Defendant"). Plaintiff and Defendant may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, on July 11, 2022, Plaintiff, through counsel Michael P. Pappas of Michael P. Pappas Law Firm, P.C., commenced a lawsuit in the United States District Court for the Eastern District of New York under case number 2:22-cv-04036 (the "Action"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendant has denied, and continues to deny, the allegations asserted in the Action, and Defendant denies that it has violated any applicable federal, state, or local law, rule, regulation, or statute, and further claims that it has timely paid Plaintiff all wages due for all hours worked;

**WHEREAS**, the Parties participated in mediation on April 26, 2023 and have elected to resolve this Action by the terms of this Agreement rather than bear the time, risk, and expense of further litigation or arbitration, including possible trial;

**NOW THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement.**

**NOW THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

    a. In full and final settlement of the Action, including the release of claims as provided in Paragraph 2, Defendant agrees to pay to Plaintiff the total settlement amount of Thirty-Eight Thousand Dollars and Zero Cents ($38,000.00) (the "Settlement Amount"). The payment shall be made within fifteen (15) days of the Effective Date of this Agreement, as set forth in Paragraph 4(a), as follows:

        i. Defendant shall pay one check in the amount of Fifteen Thousand Dollars ($15,000.00), payable to Michael P. Pappas, P.C., for attorney's fees and costs. This payment will be reported on an IRS Form 1099.

        ii. Defendant shall pay one check in the amount of Five Thousand Seven Hundred Fifty Dollars ($5,750.00), less applicable payroll and tax deductions, payable to Keith Noble. This payment will be reported on an IRS Form W-2.

iii. Defendant shall pay one check in the amount of Seventeen Thousand Two Hundred Fifty ($17,250.00) payable to Keith Noble. This payment will be reported on an IRS Form 1099.

b. All checks will be delivered to Plaintiff's Counsel at Michael P. Pappas Law Firm, 1933 State Route 35, No. 295, Wall, New Jersey 07719.

c. In order to receive the settlement payments described in Paragraph 1(a), Plaintiff and his attorneys must complete and return IRS Forms W-9 to counsel for Defendant.

d. In the event Defendant fails to pay the Settlement Amount when due, Plaintiff's counsel shall send a notice of default to counsel for Defendant: James Coleman, Esq., and Timothy Barbetta, Esq., of Constangy Brooks, Smith & Prophete LLP by email at jcoleman@constangy.com and tbarbetta@constangy.com. Defendant shall have fifteen (15) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the opportunity to cure period, Plaintiff will be free to seek enforcement of the Settlement Agreement in the United States District Court for the Eastern District of New York. In any action brought by any party to enforce the provisions of this agreement including but not limited to Defendant's obligation to make the settlement payment as per the terms of this agreement, the Court in its own discretion may award prevailing party its attorney fees and costs.

e. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Plaintiff as part of this Agreement, Plaintiff shall pay his own share as an employee of that assessment. Plaintiff acknowledges that even if he does not receive a Form 1099 in connection with the sum(s) to be paid hereunder, Plaintiff is responsible for paying all of such an assessment, excluding the portion of Defendant's payroll taxes.

**2. Release.**

a. In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendant and Defendant's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and its officers, directors, members, partners, trustees, current and former employees agents, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") for any and all charges, complaints, claims, causes of action which Plaintiff at any time has, had, claims or claimed to have against Releasees relating to the wage and hour claims asserted in the Action, or could have been asserted in the Action, that have occurred as of the Effective Date of this Agreement as set forth in Paragraph 4(a) below.

b. The release and discharge contained in this Paragraph 2 shall also apply to the Defendant's insurers, the Defendant's past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

3. **Representations and Warranties**. The Parties each represent, warrant to and agree with the other as follows:

a. The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiff andDefendant as to the terms of the settlement;

b. This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

c. Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendant or Releasees based on any claims that are referred in Paragraph 2 of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendant or any other Releasee identified in this Agreement is a party based on any claims that are referred in Paragraph 2 of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in Paragraph 2 of this Agreement. Notwithstanding nothing in this agreement shall prevent Plaintiff from enforcing the terms of this agreement in the event Defendant fails to make the payment as agreed.

d. Plaintiff expressly understands and agrees the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendant upon any claim asserted in the Action and referenced in Paragraph 2 of this Agreement. Plaintiff expressly waives any right or claim that he may have, or may assert, regarding claims against Defendant for payment of back pay, interest, bonuses, overtime, liquidated damages, and/or statutory penalties, with respect to or derivative from Plaintiff's employment with Defendant as of the date of this Agreement. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in Paragraph 1 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act and New York Labor Law.

e. The Parties state that they have carefully read the Agreement, fully understand it, have had a reasonable time to review it, and are signing it voluntarily.

4. **Settlement Approval and Voluntary Dismissal with Prejudice.**

a. This Agreement is subject to and contingent upon approval by the Court, and shall not be effective until the Court approves the Agreement, as written. The "Effective Date" of this Agreement shall be fifteen (15) days after the date of the Court's approval, as written. The Parties, and each of them, agree not to appeal the Court's approval of the Agreement, as written, and any

such appeal shall trigger the other Party's right to seek summary dismissal of the appeal with costs and reasonable attorney's fees to be paid by the Party filing the appeal.

    b. If the Court rejects this Agreement for any reason, the Parties shall diligently work together in an effort to address the Court's objections.

    c. Plaintiff hereby authorizes and directs his attorneys, upon the Court's approval of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this Action.

    **5.** **Non-Admission.** This Agreement shall not in any way be construed as an admission by Defendant that it acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendant. Defendant specifically disclaims any liability for any purported wrongful acts against Plaintiff on the part of itself, its officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendant as to any allegations set forth in the Complaint in the Action. All parties acknowledge this Action as being settled to avoid further litigation and its concomitant expense.

    **6.** **Non-Disparagement.**

    a. Plaintiff agrees not to make any disparaging or derogatory statements about Defendant in a manner that could reasonably be expected to cause reputational injury to Defendant.

    b. Plaintiff agrees that all requests for employment references must be made through CCCVerify at https://CCCVerify.com. First time users will need to set up an account using their social security number. CCCVerify will only verify Plaintiff's dates of employment and income, if requested by Plaintiff. Defendant will not be responsible for reference inquiries or responses to such inquiries not directed to CCCVerify. If contacted for an employment reference about Plaintiff, Defendant shall reply by stating that its policy concerning employment references must go through CCCVerify, and nothing more.

    **7.** **Applicable Law.** This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the Federal Laws and the laws of the State of New York and the US. District Court for the Eastern District of New York shall have jurisdiction over any enforcement action.

    **8.** **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

    **9.** **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties relating to Plaintiff's FLSA and NYLL claims. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter of Plaintiff's FLSA and NYLL claims, except the agreements set

forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning Plaintiff's FLSA and NYLL claims.

10. **No Modification Except in Writing.** This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

11. **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. A facsimile signature or signature scanned and sent by electronic mail shall have the same force and effect as an original signature.

12. **Plaintiff understands, represents, and agrees that he:**

   a. **has carefully reviewed and fully understood every provision of this Agreement prior to executing it;**

   b. **is, through this Agreement, releasing Defendant from any and all wage and hour claims, including the Action, that he may have against Defendant relating to or arising out of his employment with Defendant through the date that he or she signs this Agreement;**

   c. **knowingly and voluntarily agrees to all of the terms set forth in this Agreement;**

   d. **knowingly and voluntarily intends to be legally bound by this Agreement;**

   e. **was advised to consider the terms of this Agreement with counsel in a language that he understands, and in fact he has consulted with counsel of his choosing about all terms of this Agreement prior to executing it in a language that he she understands; and**

   f. **is duly authorized and has full authority to execute this Agreement.**

Signature page follows

9580147v1

**THEREFORE**, the Parties to this Settlement Agreement and Release now voluntarily, freely and knowingly execute this Agreement.

_Keith Noble_                          5/16/23
KEITH NOBLE                        Date

THE CHEESECAKE FACTORY INCORPORATED

By: _[signature]_
Name: Stamey Greatmand
Title: VP Legal Services

Date: 05/19/2023